CULPEPPER, Judge
(dissenting).
The basis of the majority decision is that although plaintiff had a retinal vein thrombosis before the effective date of the policy, a new and different retinal vein thrombosis developed after the policy was issued, and this is what caused plaintiff’s blindness. I cannot agree the evidence supports the finding that a new retinal vein thrombosis occurred.
*870 The only evidence in the record to support the existence of a new thrombosis is the hearsay testimony of Dr. Futrell, elicited during questioning by the district judge. Dr. Futrell, who is an internist and was treating plaintiff for his hypertension, testified that plaintiff told him that Dr. Blocker had told the plaintiff that he had a new thrombosis. Dr. Futrell did not even examine plaintiff’s eye. Defendant did not object to this hearsay testimony by Dr. Fu-trell, probably because the witness was under examination by the court and counsel for defendant was reluctant to object. Nevertheless, the testimony is rank hearsay and should not be considered.
Of even greater significance to me, is the fact that plaintiff did not call as a witness Dr. Blocker, the physician who is alleged to have made this diagnosis of a new thrombosis.
Jurisprudence has established the rule that the unexplained failure of a litigant to call as a witness a physician who treated him for the injury in dispute, and which witness is available to the litigant, raises a presumption that the physician’s testimony would be detrimental to the party’s cause, Hay v. Sears, Roebuck & Company, 224 So.2d 496 (3rd Cir. 1969); Carr v. Fidelity & Casualty Company of New York, 248 So.2d 917 (3rd Cir. 1971). In the present case, Dr. Blocker was plaintiff’s treating physician for the eye condition. He is the physician who is alleged to have made the diagnosis of a new thrombosis after the policy was issued. It seems clear to me that since the new thrombosis was the principal issue in the case, the plaintiff’s failure to call Dr. Blocker as a witness gives rise to a presumption that if Dr. Blocker had testified he would have stated that there was no new thrombosis.
I conclude there is no reasonable eviden-tiary basis to support the finding that there was a new thrombosis.
For the reasons assigned, I respectfully dissent.